UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO GOMEZ, | Case No. EDCV 09-1869 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

I.  **SUMMARY**

On October 15, 2009, plaintiff Marcelino Gomez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 22, 2009, Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

### A. Previously Adjudicated Applications

On December 20, 2001, plaintiff previously filed applications for Supplemental Security Income and Disability Insurance Benefits ("Prior Applications").[2] (Exhibit B at 1).

An administrative law judge examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by a Spanish language interpreter), Dr. Lowell Sparks, a medical expert ("Dr. Sparks"), and a vocational expert on December 11, 2003 ("2003 Hearing"). (Exhibit A at 1-26).

On June 23, 2004, such administrative law judge issued an unfavorable decision denying benefits based upon the conclusion that plaintiff was not

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The facts and procedural history pertaining to administrative review of plaintiff's Prior Applications as set forth below are derived from the administrative record lodged in the Central District of California case Marcelino Gomez v. Michael J. Astrue, No. EDCV 04-1427 of which this Court takes judicial notice. See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases). In light of the age of such case, and as the records relating thereto were manually lodged and retrieved from archives, the Court attaches the following excerpts from the administrative record in such case to this Report and Recommendation as Exhibits A and B, respectively: (1) the transcript of the administrative hearing held on December 11, 2003; and (2) the administrative decision dated June 23, 2004. The Court refers to the internal page numbers for each such exhibit rather than the stamped page numbers from the administrative record.

disabled at any time through the date of the decision ("Prior Decision"). (Exhibit B at 1-7).

### B. Application In Issue

On July 31, 2006, plaintiff filed an application for Supplemental Security Income benefits ("Application in Issue").[3] (Administrative Record ("AR") 68, 199). Plaintiff asserted that he became disabled on June 21, 2006, due to problems with his back, right arm and right hand. (AR 7, 68, 210). A different administrative law judge examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by a Spanish language interpreter) on April 16, 2009 ("Pre-Remand Hearing"). (AR 68).

On May 6, 2009, such administrative law judge determined that plaintiff was not disabled through the date of the decision ("Pre-Remand Decision"). (AR 68-75). The Appeals Council denied plaintiff's application for review of the Pre-Remand Decision. (AR 150).

As noted above, plaintiff filed the instant action on October 15, 2009. On December 17, 2009, pursuant to the parties' stipulation and for good cause shown, this Court remanded the case pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative action; A transcript of the Pre-Remand Hearing could not be prepared because the tape recording of that hearing was entirely blank. (AR 153-55, 158). The Appeals Council, in turn, remanded the case to the current Administrative Law Judge ("ALJ") for a *de novo* hearing. (AR 156-58).

On August 20, 2010, the ALJ held a post-remand hearing ("Post-Remand Hearing") during which the ALJ heard testimony from plaintiff (who was represented by counsel and assisted by a Spanish language interpreter) and a vocational expert. (AR 19-49).

---

[3] Additional applications for benefits that plaintiff filed in 2009 were consolidated for review with the Application in Issue. (AR 21-22).

3

On October 19, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision ("Post-Remand Decision"). (AR 7-13). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity and degenerative disk disease of the lumbar and cervical spine (AR 10); (2) plaintiff suffered from the following non-severe impairments: hypertension and non-insulin dependent diabetes mellitus (AR 10); (3) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 10); (4) plaintiff retained the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c) (AR 10); (5) plaintiff could perform his past relevant work as an industrial cleaner and lockstitch machine operator (AR 13); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (AR 11).

On April 26, 2011, the Court ordered the instant action reopened in accordance with the parties' stipulation. (Docket Nos. 15-16; Plaintiff's Motion at 3).

### III.  APPLICABLE LEGAL STANDARDS

#### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

    **B.**    **Standard of Review**

    Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. Plaintiff Is Not Entitled to a Remand on His Claim Relating to Dr. Sparks' 2003 Testimony

#### 1. Additional Pertinent Background

The Prior Decision stated the following with respect to Dr. Sparks' testimony at the 2003 Hearing:

> Dr. Sparks . . . opined [that plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 2 hours out of an 8-hour workday, sit for 6 hours out of an 8-hour workday, must be able to change positions every hour, and his push/pull limitations are consistent with the lifting and carrying limitations.  He is limited to occasional climbing of stairs, balancing, bending or stooping, kneeling, crouching, crawling, walking on uneven ground, walking no more than one block at a time, avoid extreme cold and working

1    with vibrating equipment. As Dr. Spark's [sic] opinions appear well
2    reasoned and consistent with objective medical records, they are
3    considered highly probative and are given great weight.
4 (Exhibit B at 4) (citing Exhibit A at 23-25).

During the Post-Remand hearing, the following exchange took place between plaintiff's attorney and the ALJ regarding Dr. Sparks' testimony from the 2003 Hearing:

> ATTY: . . . . [L]ooking at the entire file, it appears as though [plaintiff] has consistently been found to be limited to anywhere from a light – a limited light to a limited medium range of work –
>
> ALJ: Okay.
>
> ATTY: – activity at all times herein. There's, there's one page that I have, and honestly, I don't know what decision it's from, I suspect it's from one of Judge Varni's decisions, where Dr. Sparks (Phonetic) testified, and I've only got the one page, and Dr. Sparks said basically, [plaintiff] was limited to 10 to 20 pounds, standing or walking only two hours out of an eight-hour day, and change positions every hour, gave a number of limitations [sic]. At any rate, if [plaintiff] were found to be limited to light work – and I, I believe now, since 2008, we've got pretty significant documentation of a cervical spinal degenerative disc disease problem [sic]. There's an MRI that shows at least moderate levels of, I think, stenosis and so forth in the cervical spine. And [plaintiff] . . . has complained, Your Honor, of, of upper extremity problems, and shoulder problems, and so forth. Let me see if I can find that. It's May, May 15 of '08.
>
> ALJ: The last Varni decision's not severe.
>
> ATTY: Right, I understand. I, I don't know which, I don't know which decision this is from.

| | |
|---|---|
| 1 | ALJ: Well, it's – |
| 2 | ATTY: Maybe it's even older than that. |
| 3 | ALJ: – it's got to be older than that, because the last one says |
| 4 | it's not severe. |
| 5 | ATTY: Right. So, it's either '04 or – I don't know if that was |
| 6 | even Judge Varni in 2004, but, but – |
| 7 | ALJ: Well, see, that one, that one would be moot, because |
| 8 | there was no subsequent appeal from that, and – |
| 9 | ATTY: I, I, I understand, and – |
| 10 | ALJ: – and that one's done. |
| 11 | ATTY: – my only point is, is that, is that I – I mean, I know |
| 12 | this has been found to be different with subsequent Judge's [sic] |
| 13 | decisions, but, but my point – |
| 14 | ALJ: Well, the same Judge. |
| 15 | ATTY: – my point is, is that there was – there were significant |
| 16 | findings to where at least an ME found at one point that [plaintiff] |
| 17 | was limited to less than light work activity. |
| 18 | ALJ: I understand that, I understand that. |

(AR 22-23).

The ALJ did not include the Prior Decision or the 2003 Hearing transcript as an exhibit in the instant record. Nor did the ALJ reference in the Post-Remand Decision either such document or, more specifically, Dr. Sparks' testimony.

**2. Analysis**

Plaintiff argues that he is entitled to a reversal or remand because the ALJ failed to consider the opinions expressed by Dr. Sparks at the 2003 Hearing. Implicit in plaintiff's argument, is that the ALJ was obligated to obtain a copy of the 2003 Hearing transcript and include it as an exhibit in the instant case. The Court disagrees with both propositions.

First, plaintiff cites no legal authority for his suggestion that the ALJ was required to obtain a transcript of Dr. Sparks' 2003 testimony, which, as the ALJ noted at the Post-Remand Hearing, concerned plaintiff's prior application for benefits that had been denied and had not been appealed.[4]  (AR 22-23).

Second, to the extent plaintiff argues that the ALJ was obligated to develop the record by obtaining a transcript of the 2003 Hearing, such an argument lacks merit.  An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process.  Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered).  The ALJ's duty is triggered only "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).  Here, the ALJ's duty to develop the record further was not triggered.  Plaintiff does not argue that the evidence of plaintiff's impairments

---

[4]The Social Security Administration's Hearing, Appeals, and Litigation and Law Manual ("HALLEX") provides that where records of a prior hearing and decision "are relevant to the current case or are mentioned at the current hearing . . . [or are noted] in the current hearing decision," an ALJ should obtain the referenced records and add them to the exhibits in the current case unless the ALJ explains at the hearing and in the decision why such records were not admitted.  (HALLEX I-2-6-58.A).  Nonetheless, this HALLEX provision does not provide grounds for a remand here based on the ALJ's failure to obtain the transcript of the 2003 Hearing.  First, plaintiff does not rely on HALLEX.  Second, HALLEX is not binding on this Court.  See Lowry v. Barnhart, 329 F.3d 1019, 1021, 1023 (9th Cir. 2003) (citing Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000) (finding HALLEX does not prescribe substantive rules because it is "strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members" and "therefore does not carry the force and effect of law.").  The Ninth Circuit has noted that it will not review allegations of noncompliance with HALLEX.  See Moore, 216 F.3d at 869 ("[W]e will not review allegations of noncompliance with the [HALLEX] manual.") (citing Western Radio Services Co., Inc. v. Espy, 79 F.3d 896, 900 (9th Cir.) ("We will not review allegations of noncompliance with an agency statement that is not binding on the agency."), cert. denied, 519 U.S. 822 (1996)).  Finally, even so, it appears that during the Post-Remand Hearing, the ALJ concluded that Dr. Sparks' testimony from the 2003 Hearing was not relevant.  (AR 23).

is ambiguous, or that the record as a whole was inadequate to allow for proper evaluation of the evidence.  To the contrary, the record contains reports from two consultative examining physicians on which the ALJ relied to assess plaintiff's residual functional capacity and determine disability.  (AR 11) (citing Exhibit 3F [AR 332-36]; Exhibit 16F [AR 437-42]).

Finally, even assuming that the ALJ erroneously failed to obtain and add Dr. Sparks' testimony to the current record of exhibits, any such error was harmless as the ALJ was permitted to disregard such testimony without explanation in the decision.  An ALJ must provide an explanation only when he rejects "significant probative evidence."  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted).  Here, plaintiff does not demonstrate that the testimony of a medical expert who reviewed plaintiff's medical records in 2003 constitutes significant or probative evidence of plaintiff's limitations and/or medical condition beginning over two years later on June 21, 2006 (*i.e.*, the onset date relevant to the Application in Issue).

In light of the foregoing, a remand or reversal on this basis is not warranted.

**B.    The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints.  (Plaintiff's Motion at 6-10).  The Court disagrees.

**1.    Pertinent Law**

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

### 2. Analysis

Separate and apart from the ALJ's discussion of plaintiff's English language abilities (which plaintiff contends did not provide a clear and convincing reason to discredit plaintiff's subjective complaints), the ALJ here cited several permissible

reasons, supported by substantial evidence in the record, for rejecting plaintiff's complaints regarding the severity of his symptoms and limitations.

First, the ALJ properly discredited plaintiff's subjective complaints as inconsistent with plaintiff's daily activities. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, as the ALJ noted, contrary to plaintiff's allegations of alleged extreme pain, plaintiff testified at the post-remand hearing that he (1) did all household chores for his retired parents; (2) did some cooking; (3) had a current driver's license (although he did not drive); (4) did grocery shopping by walking two blocks to grocery stores with a wheeled basket; (5) did his own laundry; (5) attended church services on Saturdays and Sundays, sometimes two hours at a time; (6) attended bible reading classes on Mondays; and (7) would go door to door in his neighborhood as part of his church ministry, visiting ten to fourteen houses a day and spending up to an hour per visit. (AR 32-40).

Second, an ALJ may discredit a plaintiff's subjective symptom testimony in part based on conflicts with objective medical evidence. See Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted). Here, as the ALJ noted, consultative medical evaluations in both 2006 and 2009 reflected normal range of motion in plaintiff's neck without any complaint of pain, and although plaintiff had mild to moderate limitation in lumbar spine motion, plaintiff had negative straight leg raising tests (supine and sitting) and no neurological deficits in the extremities.

(AR 332-36, 437-42). The ALJ reasonably concluded that such findings were inconsistent with an alleged inability to perform any work. (AR 11).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 22, 2011

                                            _____/s/_____
                                            Honorable Jacqueline Chooljian
                                            UNITED STATES MAGISTRATE JUDGE